# AGREEMENT TO DISMISS CASE NO. 5:22-CV-00220 NOW PENDING IN THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA –EASTERN DIVISION

**THIS AGREEMENT** is made and entered into this __27__ day of July, 2022, between Plaintiff MARTHA BELCHER (hereinafter "Ms. Belcher") and Defendant LOWE'S HOME CENTERS, LLC, a limited liability company (hereinafter "Lowe's").

## RECITALS

Ms. Belcher filed the pending action, Case No.: 5:22-cv-00220 alleging causes of action against Lowe's for Wrongful Death, General Negligence, and Premises Liability as the result of the death of her son, Braulio Belcher. The Complaint in this matter was originally filed in the Superior Court of California, for the County of Riverside, Case No.: CVRI2103111. The action was removed from the California Superior Court to the United States District Court by Lowe's based on Diversity Jurisdiction. It was Lowes's desire to have the action litigated in United States District Court rather than California Superior Court. It is Lowe's desire to continue to litigate this matter in federal court.

It is now Ms. Belcher's desire to dismiss the pending action without prejudice via stipulation pursuant to Federal Rule of Civ Proc. Rule 41(a)(ii) and refile her Complaint in order to take advantage of SB 447 which modified Cal. Code of Civ. Proc. Sec. 377.34, allowing her to recover damages previously unavailable for her son's pain, suffering, and disfigurement prior to his death. Ms. Belcher also intends to add additional parties to her complaint.

Lowe's disputes that SB 447 and the amendment to Cal. Code of Civ. Proc. Sec. 377.34 can be applied retroactively and reserves all rights to challenge any new complaint filed by Plaintiff which seeks to recover damages for decedent's pain, suffering, and disfigurement, or any other damages not previously available under that Code section.

## AGREEMENT

Lowe's agrees to stipulate to Ms. Belcher's request for dismissal under the following conditions:

**First**, Lowe's retains its right to challenge the validity and retroactive application of SB 447 to the extent it increases the damages allowed for wrongful death actions that arise from conduct that occurred prior to the enactment of SB 447 in January of 2022, and to raise any other available defense to the re-filed Complaint.

**Second**, Ms. Belcher agrees to pay Lowe's counsel, Tharpe & Howell, LLP, **$2,167.10** as reimbursement for recoverable costs incurred prior to the dismissal.

**Third**, Ms. Belcher agrees to file her new Complaint in the United States District Court, Central District of California-Eastern Division, and agrees not to name as a defendant in the re-filed action any person or entity whose presence would destroy that court's diversity jurisdiction.

**Fourth**, should Ms. Belcher breach any term of this agreement, Walton Law, APC, attorneys of record for Ms. Belcher, agree to pay Lowe's **$50,000.00** as a penalty for beach of this agreement.

**Fifth**, the parties agree that all discovery conducted in the action to be dismissed, Case No.: 5:22-cv-00220, as well as all discovery conducted in Riverside County Superior Court Case No.: CVRI2103111, shall be admissible in any re-filed federal action as if it had been conducted in that action. The Federal Rules of Civil Procedure, the Federal Rules of Evidence, as well as any applicable Central District Local Rules, shall govern all previously conducted discovery between the parties in the original state and federal court action for all purposes, including for purposes of resolving any discovery dispute or any motion to compel responses or further responses. However, the parties also agree that any interrogatories previously propounded in the action to be dismissed (including in the underlying superior court action), shall not count against the numerical limits on interrogatories set forth in Federal Rules of Civil Procedure, Rule 33(a)(1). Plaintiff further agrees that Lowe's may conduct a second session of Ms. Belcher's deposition, limited to issues relevant or material to any new cause of action in Ms. Belcher's re-filed action.

**Sixth**, the parties agree to continue to be bound by the protective order previously entered in Central District Case No.: 5:22-cv-00220, unless and until a new protective order is entered in any re-filed federal case.

This Agreement constitutes the entire agreement between Ms. Belcher and Lowe's concerning the stipulated dismissal of Case No.: 5:22-cv-00220 and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied between Ms. Belcher and Lowe's. Ms. Belcher and Lowe's further acknowledge that no representations, promises, agreements, warranties, or inducements have been made by anyone other than as appear in this Agreement, and that neither Ms. Belcher nor Lowe's enter this agreement in reliance on any such representation, promise, agreement, warranty, or inducement.

## **Authority to Sign**

Each individual who signs for Ms. Belcher and Lowe's asserts and warrants that he/she has such authority to do so, and facsimile or electronic signatures, if properly verified, are binding.

| | |
|---|---|
| _____ | _____ |
| Christopher Walton (SBN 231298) | Stephanie Forman (SBN 195757) |
| Todd A. Moore (SBN 214474) | Roger W. Backlar (SBN 225277) |
| WALTON LAW APC | THARPE & HOWELL, LLP |
| 12555 High Bluff Drive, Suite 333 | 15250 Venture Boulevard, 9th Floor |
| San Diego, CA 92130 | Sherman Oaks, CA 91403 |
| Telephone: (858) 384-3320 | Telephone: (818) 205-9955 |
| Fax: (858) 384-3321 | Fax: (818) 205-9944 |
| Attorneys for Plaintiff MARTHA BELCHER | Attorneys for Defendant LOWE'S HOME CENTERS, LLC |